IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| BDT/LPH, a Joint Venture, | ) | |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION AND** |
| vs. | ) | **GRANT OF MOTION TO DISMISS** |
| | ) | |
| Great American Insurance Company of | ) | Civil File No. 2:05-cv-59 |
| New York, PKG Contracting, Inc., and | ) | |
| the City of Grand Forks, a Municipal | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

Before this Court is Great American Insurance Company of New York's (hereafter "Great American") Motion to Dismiss and for an Injunction and Rule 11 sanctions against BDT/LPH (hereafter "BDT") and the City of Grand Forks.

## Summary of Decision

The Court finds that the elements of res judicata are satisfied in the instant case. The Court further finds that no exception to the res judicata doctrine is applicable. The Court thus **GRANTS** the Motion to Dismiss. The Court finds the Motion for Rule 11 Attorney's Fees to be procedurally deficient and **DENIES** Great American's motion to either award attorney's fees or impose a permanent injunction on BDT or Grand Forks.

## Factual Background

This motion arises out of Plaintiff BDT's state claim, now removed to this Court, which seeks reimbursement under their insurance policy issued by Defendant Great American for damages sustained during a third-party's faulty installation of BDT's products. The City of

Grand Forks is also named as a Defendant in this matter, as well as the third-party installer, hired and retained by Grand Forks, PKG Contracting ("PKG").  The City of Grand Forks has filed a counter-claim and cross-claim against Great American, BDT, and PKG.  Great American now moves for dismissal of both BDT's and Grand Forks' claims, and additional seeks an injunction, attorney's fees, as well as Rule 11 sanctions against both BDT and Grand Forks.

    The City of Grand Forks contracted with the BDT to supply equipment, materials, and technology in the construction of the new Grand Forks Municipal Waste Water Treatment Plant. The agreement between BDT and Grand Forks gave rise to a contract.  One such term of the contract was that BDT would have to obtain insurance on the supplied property, and to name Grand Forks as an additional insured on the insurance policy (hereafter, "the policy").  BDT procured a policy from Great American through its local agent Froehlich-Paulson-Moore Insurance Agency.  The policy period of this insurance agreement was October 30, 2000 though July 31, 2002.

    Grand Forks hired PKG to install various equipment during the construction of the plant, including some of the equipment provided by BDT.  Particularly relevant to the instant case was PKG's installation of the diffuser grid-system, which consisted of oxy-flex diffusers, stainless steel pipe and couplings.  PKG installed these components between December 2001 and May 2002.  During installation, PKG caused anti-seize compounds to come into contact with components supplied to the city by BDT.  These components included the rubber membranes of the oxy-flex diffusers and the o-rings of the diffusers as well as the stainless steel pipe.  The anti-seize agents caused the membrane materials of the oxy-flex diffusers to weaken, deteriorate, blister, bubble, and otherwise be damaged.  This damage rendered the components unstable and

unusable.  The City of Grand Forks required BDT to replace these damaged components.  BDT did so, at a cost of $321,627.00.

BDT then submitted a claim to Great American seeking reimbursement for the cost of replacing the above components under the Installation Floater portion of its insurance policy. Great American denied coverage.  Grand Forks also made a claim to Great American for the damage to the components, and was also denied.

Great American filed a motion seeking a declaration from this Court that the damages incurred were not covered by the provisions of the Installation Floater provision of the policy. On September 30, 2004, this Court entered an order granting Great American's motion for summary judgment.  The Court deferred on an additional pendant state claim filed by PKG. BDT later stipulated to the dismissal of its counterclaim against Great American.

On May 17, 2005, BDT filed a claim for reimbursement of the incurred damages in North Dakota state court, this time under a theory that the damages incurred were covered by a "Businesspro Inland Marine" provision part of the policy.  This provision's language specifically states that "Any act or neglect of any person other than you beyond your direction or control will not affect this insurance."  Great American subsequently removed this action to federal court on the theory that BDT's claim and Grand Forks' cross-claim had been previously raised, litigated, and determined in the earlier declaratory judgement action.  Great American seeks an injunction, which it claims is permitted under the relitigation exception of the All Writs Act of 28 U.S.C. § 1651.  Great American also seeks attorney's fees, costs, and Rule 11 sanctions.

**Analysis and Summary of Applicable Law**

BDT's state court action, now before this Court, seeks reimbursement under the "Businesspro Inland Marine" provision of its insurance policy.  BDT maintains that this Court previously resolved only whether the damages were covered under the "Installation Floater" provision of the policy, and thus its current claim is not barred by res judicata.  In BDT's Answer to Great American's Motion to Dismiss, it cites Great American's own language where it "demand[ed] judgment declaring that its installation floater policy issues to BDT does not cover the loss described above..."  BDT goes on to list several instances where Great American specifically states that the subject of their declaratory judgment action was whether coverage exists under an Installation Floater policy.  BDT also points out that only the Installation Floater provision, and no other policy parts, was attached as an exhibit in the earlier declaratory action.

After this Court entered summary judgment in favor of Great American in its declaratory judgment action against BDT, BDT sought relief under Fed.R.Civ.P. 60(b).  Rule 60 allows for relief from final judgment for, among other things, mistake, inadvertence, surprise, or excusable neglect.  BDT claimed that Great American failed to disclose the policy that included both the "09/00" edition of the Inland Marine form and the "08/90" edition of the Installation Floater form, and that this failure to disclose amounted to mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence which by due diligence could not had been discovered; and fraud, misrepresentation, or other misconduct or an adverse party, which, along with the catch-all subsection found in 60(b)(6), would mandate relief under the rule.

The Court found that despite the fact that these editions were not initially disclosed, BDT had the complete policy in its possession since February of 2004 and did not 'discover' the policy until November 2004.  Great American's initial brief in support of its motion for summary

judgment was filed in May, 2004 and BDT's reply was filed on June 8, 2004.  On August 18, 2004, the parties stipulated to the filing of a Second Amended Complaint.  Attached to this amended complaint was the installation floater policy that was in effect at the time of the loss.  Despite the fact that BDT had the 08/90 and 09/00 editions of the policies in its possession, BDT did not seek to supplement its response to the Plaintiff's motion for summary judgment after the filing of the Second Amended Complaint.  In short, BDT had eight months which to peruse material in its possession and bring the information to the Court's attention.  In light of this, the Court found that counsel's own carelessness or negligence did not constitute excusable neglect under Fed.R.Civ.P. 60(b).  See Hoffman v. Celebrezze, 405 F.2d 833, 835 (8th Cir. 1969); see also Sutherland v. ITT Continental Banking Co., 710 F.2d 473, 476-77 (8th Cir. 1983) (stating Rule 60(b) has never been a vehicle for relief because of attorney's incompetence or carelessness).  Because BDT did not in any way bring the provisions of the Inland Marine provision to the Court's attention prior to the Court entering its motion for summary judgment, and did not provide an adequate explanation for this omission, the Court found that there existed no avenue for relief under the provisions Rule 60(b).

Great American argues that the doctrine of res judicata bars any subsequent attempts by Plaintiff to relitigate the issue of insurance coverage.  It further maintains that this Court has proper jurisdiction to enter an injunction against BDT via the All Writs Act of 28 U.S.C. § 1651.  Great American contends that in order to protect its earlier judgment, the Court must enter an injunction against future suits by the Plaintiff that involve the same facts, parties, and issues as the first action.

The Court notes at the outset that res judicata serves an integral role in promoting

"fundamental and substantial justice." <u>Hart Steel Co. v. Railroad Supply Co.</u>, 244 U.S. 294, 299 (1917). The doctrine is also indispensable in that it "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." <u>Brown v. Felsen</u>, 442 U.S. 127, 131 (1979). The Eighth Circuit's test to determine if res judicata bars a claim is: "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." <u>Canady v. Allstate Ins. Co.</u>, 282 F.3d 1005, 1014 (8th Cir. 2002) (citing <u>Hillary v. Trans World Airlines, Inc.</u>, 123 F.3d 1041, 1044 n.2 (8th Cir. 1997).

The Court finds that the first prong is met in that in the first action there existed complete diversity of parties and the amount in controversy was in excess of $75,000. The second prong, that of final judgment, was also satisfied in that this Court granted summary judgment in this declaratory action. (See 2:02-cv-119, <u>Order Granting Plaintiff's Motion for Summary Judgment and Deferring PKG's Motion for Summary Judgment</u>). Summary judgment is considered a final judgment for the purposes of res judicata. <u>Dicken v. Ashcroft</u>, 972 F.2d 231, 233 fn.5 (8th Cir. 1992).

BDT instead insists that the third prong has not been met. BDT contends that its Businesspro Inland Marine provision constitutes a materially different claim than the Installation Floater provision litigated in the declaratory judgment and therefore does not concern the same cause of action. "The determinant issue...is whether or not the issues raised by BDT/LPH in its state action have been previously decided by this Court in Case No. A2-02-119." (BDT Answer Brief, at 4). Such an argument is ultimately unpersuasive. Essentially, BDT wishes this Court to view the two insurance provisions as different causes of action. BDT argues that the earlier

declaration only decided the relationship among the parties vis-a-vis the "Installation Floater"

provision, and that the current suit is based on a different theory, namely that coverage exists

under the "Businesspro Inland Marine" provision.  BDT's argument proceeds as if the two types

of coverage are manifest in two separate and distinct policies.  In reality, the two provisions are

components of a single unified policy as BDT itself explains: "[t]he whole Policy actually issued

to [BDT] was comprised of more than nine separate forms (parts); one of which was called

"Installation Floater Coverage Form."  (BDT Answer Brief, at 1).  The Court also observes that

the Installation Coverage Floater form and the Business Inland Marine form are identified by the

same policy number, that of IMP9539383.  (BDT Answer Brief, at 1; BDT State Complaint, at 1-

2).

        Further, it is well settled that a subsequent suit based on a new theory, but arising out of

the same incident or factual background, is still barred by res judicata.  "[I]f a case arises out of

the same nucleus of operative fact, or is based on the same factual predicate, as a former

action...the two cases are really the same "claim" for purposes of res judicata."  Ruple v. City of

Vermillion, 714 F.2d 860, 861 (8th Cir. 1983).  See also Lane v. Peterson, 899 F.2d 737, 742

(8th Cir. 1990); Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989); Hufsmith v. Weaver, 817

F.2d 455, 461 (8th Cir. 1987); Poe v. John Deere Co., 695 F.2d 1103, 1105 (8th Cir. 1982).

Here, BDT's claim not only arose out of the same injury, but also out of the same insurance

contract.  The Court has already adjudicated the rights and relationships of the parties in regards

to this agreement.  The Court further notes that the reason the Court did not explicitly state

whether coverage existed under the Businesspro Inland Marine Policy is because BDT chose not

to raise that particular issue during the course of litigation.  If the Court were to accede to BDT's

reasoning, it would mean that a case or controversy concerning an insurance agreement could never be resolved until every provision and part was analyzed and ultimately rejected. Failure to address any and all possible arguments, even those not raised by the parties, would ultimately raise the specter of relitigation. BDT alone bears the responsibility to bring forth its arguments, and cannot rely on the Court to ferret out its claims. See First Bank Investors' Trust v. Tarkio College, 129 F.3d 471, 477 (8th Cir. 1997).

It is axiomatic that res judicata "bars not only relitigation of claims actually asserted, but also of claims that 'could have been raised in that action.'" Anderson v. Abraham, 214 F. Supp.2d 1036, 1038 (D.N.D. 2002)(quoting Lundquist v. Rice Memorial Hosp., 238 F.3d 975, 977 (8th Cir. 2001). BDT, however, argues that a narrow exception to res judicata prevents preclusion of his current claim. This exception allows for subsequent suits for relief, by either party, at the conclusion of a declaratory judgment action. The (Second) Restatement of Judgments, § 33 speaks to this:

> *   *   *
>
> A plaintiff who has lost a declaratory judgment action may also bring a subsequent action for other relief, subject to the constraint of the determinations made in the declaratory action. The theory is the same: a declaratory action determines only what is actually decides and does not have a claim preclusive effect on other contentions that might have been advanced. That approach is also applicable with respect to a counterclaim by a defendant that, in any other type of action, would be barred by § 22.

Harborside Refrigerated Servs., Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir. 1992) ("the preclusive effect of the declaratory judgment is limited to the subject matter of the declaratory relief sought"). Many other jurisdictions, including the Eighth Circuit, have recognized this distinction. See, e.g., Harborside, 959 F.2d at 372; Horn and Hardart Co. v. National Rail Passenger Corporation, 843 F.2d 546 (D.C. Cir. 1988); Smith v. City of Chicago, 820 F.2d 916,

919 (7th Cir. 1987); <u>Minneapolis Auto Parts Co. v. City of Minneapolis</u>, 739 F.2d 408, 410 (8th Cir. 1984).

 The Restatement, however, makes it clear that in order for the subsequent suit to escape preclusion, it must seek "other relief" than the original request for declaratory relief.  In this manner a court may entertain requests for injunctive relief or money damages at a later date, once the legal relationship between the parties has been resolved via declaratory judgment, and without continual relitigation of the merits of the declaratory action.  In so doing, the court can determine the applicability of relief only as needed, resulting in greater judicial efficiency. Conversely, the justification for this exception evaporates where the original suit sought more than declaratory relief.  In such an instance, the litigant has already chosen to seek the full range of its remedies, and thus is not entitled to the declaratory judgment exception, a niche created for those who reserve the option of coercive relief.  In the instant case, BDT sought both declaratory relief and money damages in its original counterclaim against Great American.  (2:02-cv-119, BDT Answer and Counterclaim, at 6).  The pursuit of mixed relief renders the above exception inapplicable, and the state claim is thus properly barred from relitigation under the doctrine of res judicata.  See <u>Minneapolis Auto</u>, 739 F.3d at 410 (res judicata bars subsequent claim where first claim sought both declaratory and coercive relief).  See also <u>Horn and Hardart Co. v. Nat'l Rail Passenger Corp.,</u> 843 F.2d 546 (D.C. Cir. 1988) (barring claim under res judicata where party sought coercive relief in original suit's counterclaim).

### Rule 11 Sanctions, Attorneys Fees, and Motion for Permanent Injunction

 The Court finds Great American's motion for Rule 11 sanctions to be procedurally

9

deficient.  Specifically, Great American failed to serve adequate notice to opposing counsel of its intention to file a Rule 11 motion, commonly known as "safe harbor.".  The Court thus denies Great American's motion for Rule 11 sanctions.  The Court does not address whether said sanctions would be justified in the instant case.  The Court further finds that a permanent injunction against relitigation in this case is not warranted, and similarly declines to award attorney's fees.

## Conclusion

The Court finds that the current suit is barred by the doctrine of res judicata.  The Court also finds that there is no exception to the doctrine that is applicable in the instant case.  The Court thus **GRANTS** Great American's Motion to Dismiss and the case is hereby **DISMISSED** with prejudice.  The Court **DENIES** Great American's Motion for Rule 11 Sanctions and its Motion for Attorney's Fees.

**IT IS SO ORDERED.**

Dated this <u>30th</u> day of March, 2006.

Ralph R. Erickson, District Judge
United States District Court